**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| United States of America, | ) | |
|---|---|---|
| | ) | **ORDER REVOKING PRETRIAL** |
| Plaintiff, | ) | **RELEASE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Elijah Deshay Mckinney, | ) | Case No.  1:25-cr-00096 |
| | ) | |
| Defendant. | ) | |

_____

On July 16, 2026, defendant appeared before the court on a Petition for Revocation of Pretrial Release.  The hearing was subsequently continued to July 20, 2026.

At the conclusion of the hearing, it was determined that because this is a situation where under the Controlled Substances Act Defendant is facing a penalty of ten years or more, a presumption applies as to Defendant's danger to the community and risk of flight. The presumption is not presently rebutted. Even if the presumption were rebutted, the court would turn its attention to the 3142(g) factors and the fact this is a presumption case, and would reach the same conclusion. There is evidence that Defendant failed to abide by court-imposed conditions, engaged in deceptive behaviors towards United States Probation and Pretrial Services, admitted to having controlled substances, which is in violation of federal law, and constructive possession of other controlled substances and potentially firearms. There is plenty of evidence that Defendant has failed to abide by court-imposed conditions and there is presently no alternative to detention that has a level of supervision, security, and a treatment component the court would require. Defendant's name shall be placed on the list for potential placement at a residential reentry center.

For the reasons articulated on the record and above, the court **REVOKES** defendant's pretrial release.  Defendant is committed to the custody of the Attorney General or designated

representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2026. .

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court